## Case No. 10,760.

### PARKHURST v. KINSMAN et al.

[2 Blatchf. 78;[1] 1 Fish. Pat. Rep. 180.]

Circuit Court, S. D. New York.   March 11, 1848.

PATENTS—SUPPLEMENTAL BILL AFTER INJUNCTION—EXTENSION OF INJUNCTION—RIGHTS OF DEFENDANT'S ASSIGNEE.

1. Where, on the filing of a bill against K. to restrain him from violating the plaintiff's patent, a provisional injunction was granted, and afterwards the court allowed a supplemental bill to be filed, bringing in, as a party to the suit, G., who it was alleged had become interested in the subject-matter of the suit since its commencement, and also allowed new charges in regard to K. to be inserted in the supplemental bill, so as to embrace transactions not covered by the injunction: *held* that, as the transactions of K. set forth in the supplemental bill were of the same character with those first enjoined, the injunction must be extended so as to include them.

2. It appearing that G., who was so made a party by supplemental bill, was the clerk of K. from the commencement of the suit to the hearing of the application for the injunction against K., and knew of the existence of the suit and of the proceedings for the injunction, and, on the day the application was heard, became assignee of K. of his rights in litigation in the suit: *held*, on a motion for a provisional injunction against G., that he took the subject-matter assigned to him, with no higher or other rights, as respected the plaintiff, than K. possessed, but was chargeable with the liabilities of K., and did not stand before the court as an independent infringer.

3. As G. was a sheer volunteer in the controversy, and the mere substitute for K., the like injunction as against K., must issue against him, and he cannot be allowed to give security and keep an account till the hearing.

4. The peril of a fund in litigation is cause for the interference of the court to secure and protect it by the appointment of a receiver.

[Cited in Wright v. Merchants' Nat. Bank, Case No. 18,084.]

[This case is first reported as heard upon the application of the defendant to have reduced the amount of the bail for which he was held under arrest. Case No. 10,761.]

In pursuance of the leave granted (Parkhurst v. Kinsman [Case No. 10,758]), a supplemental bill was filed in this case, making Calvin L. Goddard a defendant, and enlarging the charges in the original bill against the defendant [Israel] Kinsman, so as to embrace transactions of his not covered by the injunction originally awarded against him. On the supplemental bill and proofs offered in support of its allegations, the plaintiff [Stephen R. Parkhurst] now moved for an injunction against both Kinsman and Goddard, and also for a receiver, to collect and hold the outstanding moneys payable to them, and which were the subject of litigation in the suit.

Seth P. Staples and George Gifford, for plaintiff.

James W. Gerard, for defendants.

BETTS, District Judge. As the transactions of Kinsman, set forth in the supplemental bill, are of the same character with those heretofore enjoined, they come within the scope of the former injunction, and it must be extended as to him so as to include them.

It is contended that Goddard's case stands on independent ground, and that he is entitled to make an equal defence to the plaintiff's motion, on its merits. He claims the privileges of a bona fide purchaser from Kinsman of his interest in the tools and materials for the manufacture of the machines in question, and insists that the plaintiff cannot ask the equitable interposition of the court against him, except upon the ground of his being an infringer of the plaintiff's patent; and that, as to that charge, he is entitled to defend himself, without regard to the condition of Kinsman, who, as was held by the court on the granting of the original injunction, was precluded, by his agreements, from denying the validity of the patent. But I think that Goddard is not entitled to these grounds of defence, and that he stands before the court, at this stage of the action, chargeable with the liabilities of Kinsman, and in no respect entitled to a higher or different order of defence.

The original bill rested on two grounds: the right of the plaintiff as patentee, and the special agreements made with him by Kinsman, as part owner of the patent, in relation to its use and enjoyment; alleged a violation of the plaintiff's rights in both respects; and demanded the restraining of Kinsman from the further use of the invention, and a discovery and account from him in respect to

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

his past doings under the agreements. On all these points the decision of the court, on the motion for the injunction, was in favor of the plaintiff.

Goddard, from the commencement of this suit to the close of the application for the injunction, was the clerk of Kinsman, keeping his books, and knowing his transactions under the agreements, and was personally cognizant of the existence of the suit, having furnished his own affidavit on behalf of Kinsman to resist the application. and attended in court during the hearing. On the very day the argument closed, Goddard became assignee of Kinsman of all the rights of the latter, and now sets up that assignment as his protection. The order of the court granting the injunction was made two days afterwards. Here, then, the interest of Goddard was acquired, not only pendente lite, in the ordinary sense of the phrase, but with a full knowledge in fact of the nature and state of the litigation, and after some degree of personal participation in it; and, on well-settled principles, he took the subject-matter assigned to him, with no higher or other rights, as respected the plaintiff, than Kinsman possessed. Story, Eq. Pl. §§ 156, 342; 2 Story, Eq. Jur. § 908. To uphold such a transaction would, in the language of Chancellor Walworth, enable parties, by successive assignments, to render a litigation interminable. Sedgwick v. Cleveland, 7 Paige. 287. The plaintiff here might have enforced his decree against Goddard, without any new proceedings, (3 Daniell, Ch. Prac. 1894,) but he had also the option to bring him into the cause as a party, by supplemental bill, and there was reasonable cause for so doing, in order to enforce an account against him, and have the additional remedy of a receiver as to outstanding moneys on sales made by him.

The court was most strenuously urged not to make the injunction peremptory against Goddard, and thus completely close his business, and involve him in ruinous losses. At first, I was inclined to seek some mode, by exacting security and the keeping of an account, by which his operations might be continued till the final hearing. But, upon the whole, as he is sheerly a volunteer in the controversy, and intermeddled in the business after the decision of the court in Kinsman's case was known, he in truth stands before the court chargeable in every particular with the liability of Kinsman himself to submit to that decision, and cannot justly claim any exemption from its full design and effect. Most assuredly Kinsman would not be permitted to resume the manufacture of the machines, until the dissolution of the injunction; and Goddard stands in no other light than his substitute, acting with full knowledge of the decision of the court, and, in many instances, as appears by the proofs, professedly continuing operations in the name and under the authority of Kinsman. Under these circumstances, an injunction must be issued against Goddard, as prayed for.

A proper case is established against both defendants for the appointment of a receiver. It is shown that both of them have debts outstanding to a very large amount, for machines sold by them since the granting of the former injunction. The plaintiff, if his right is finally established, will be entitled to a large part of these moneys, and both defendants are proved to be irresponsible in their circumstances. The peril of a fund in litigation, is cause for the interference of the court to secure and protect it by the appointment of a receiver. Edw. Rec. c. 1; 3 Daniell, Ch. Prac. 1667–1669, 1949–1965; 2 Story, Eq. Jur. §§ 829, 831.

[NOTE. An attachment was issued against Kinsman for violation of this injunction. The case was heard upon plaintiff's interrogatories filed upon the arrest of the defendant. Case No. 10,759. Upon the hearing on the merits, a decree in favor of plaintiff was entered in this case, with reference to a master to take an account. Id. 10,757. The final decree awarding damages was affirmed, upon appeal to the supreme court. 18 How. (59 U. S.) 289.]